Court from exercising § 1581(i) subject matter jurisdiction over its request for reliquidation.

## CONCLUSION

In light of the foregoing, the court finds that Mukand's request for reliquidation of entries is barred by its failure to pursue injunctive relief prior to liquidation of its entries. Accordingly, defendant's motion for summary judgment is granted.

FORMER EMPLOYEES OF THERMAL & INTERIOR, VANDELIA OPERATIONS OF DELPHI CORP. (UNITED STEELWORKERS OF AMERICA), Plaintiff, v. UNITED STATES SECRETARY OF LABOR, Defendant.

Court No. 05–00040

### *MEMORANDUM OPINION AND JUDGMENT ORDER*

GOLDBERG, Senior Judge: This case, involving a denial of certification for trade adjustment assistance by the U.S. Department of Labor, is before the Court following an order to show cause why this action should not be dismissed for lack of prosecution. The Court has jurisdiction pursuant to 28 U.S.C. § 1581(d).

This action was filed by plaintiff on January 18, 2005. Issue was joined by the filing of defendant's answer on March 25, 2005. Subsequently, the Court entered a scheduling order to govern disposition of the case. That scheduling order established a due date of October 3, 2005 for any motions by plaintiff addressed to the pleadings, the administrative record or other matters related to the case. Following plaintiff's failure to submit any such motions by that date, and upon proper motion by defendant, the Court issued an order to show cause why this case should not be dismissed for failure to prosecute. Plaintiff's response to this order to show cause was due on December 12, 2005. To date, no response has been filed.

Accordingly, upon consideration of the foregoing, and upon due deliberation, it is hereby

ORDERED that, pursuant to USCIT Rule 41(b)(3), this action is dismissed for lack of prosecution.

SO ORDERED.